MARTHA P. EVANS *vs.* GEORGE WEATHERHEAD *et al.*

PROVIDENCE—AUGUST 2, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity. Accounting. Partnership. Trusts. Interest. Evidence.*

A. and B., being copartners, A. deceased, by will leaving his interest in the copartnership to B., the surviving partner, in trust for the equal benefit of his wife and son, the son to have his share absolutely on arriving at his majority. Upon a bill brought against B. for an accounting, the master allowed B. the amount of an alleged loan made by B. to the firm about thirty years before. It appeared that this loan was specified as one of the liabilities of the firm when it was formed. No interest was charged until about a month before the decease of A., when interest for five years was credited upon it with other sums to the account of A. and B., apparently without the knowledge of A., and compounding the interest. On exceptions to report of master :—

*Held,* that the evidence was sufficient to establish the debt.

*Held,* further, that, as no note was given for this debt, or any demand made for payment, or notice that interest was charged brought to the knowledge of A. or the *cestuis que trust,* simple interest only would be allowed.

(2) *Trusts. Compensation of Trustee.*

The will made no mention of compensation, and B. made no charge for fourteen years :—

*Held,* that, as the duties of the trustee required nothing more than the carrying on of his own business, and the business received the benefit of the continuance of the capital of A. therein, the trustee was not entitled to compensation.

(3) *Accounting. Charging off Worthless Indebtedness. Copartners.*

On a bill for an accounting between copartners, a partner suffers no injury to his interest by the charging off of worthless indebtedness to the firm which had been carried on the books as assets.

(4) *Masters in Chancery. Removal of Trustee.*

The mere fact that a bill for an accounting between *cestuis que trust* and the trustee prays for the removal of the trustee does not bring the motion for removal within the jurisdiction of the master to whom the suit was referred to take an accounting.

BILL IN EQUITY, seeking relief set forth in opinion. Heard on exceptions to report of master.

(1)    PER CURIAM.    The complainant's first exception to the mas-

ter's report is to the allowance of the charge of $3,333.60, as a loan by the respondents to the firm of Weatherhead, Thompson & Company, and of the interest allowed thereon.

The loan was made about thirty years ago, and until about a month before the death of Edwin Evans, the deceased copartner, no interest was charged on it. Interest for nearly five years was then credited upon it, with other sums, to the account of Weatherhead & Thompson, apparently without the knowledge of Evans, and also, apparently, compounding the interest.

While the long standing of this debt against a solvent firm, and the conduct of the parties in regard to it, give much force to the complainant's argument against the justice of the debt, the fact that it was specified as one of the liabilities of the firm when it was formed is, in our opinion, sufficient to establish it. The memorandum of the copartnership agreement, made in the day book, although not signed by the parties, is supported by testimony which we are constrained to believe. The debt was therefore properly allowed.

The master allowed interest on this debt, with annual rests and a new principal at each stock taking. We think this was erroneous. It does not appear that any note was given for this sum, payable at a fixed time or upon terms; nor that during this long period any demand was made for its payment, or that the fact that interest was charged upon it was brought to the knowledge of the deceased copartner or the *cestuis que trust* after his death. The respondents were themselves the trustees, charging interest in their own favor. Recognizing it as a debt, however, we think the utmost stretch of equity would be to allow them simple interest only. To the extent of this modification the exception is sustained.

(2)   The second exception is to the allowance of compensation to the respondents as trustees under the will of Edwin Evans. The latter left his interest in the copartnership to the respondents, the surviving partners, in trust for the equal benefit of his wife and son, the son to have his share absolutely on arriving at his majority.

No mention is made of compensation in the will, and the

expectation of the testator seems to have been that the trustees would accept the trust and continue the business with his capital in it.    Their duties required nothing more of them than the carrying on of their own business, except the keeping an account of profits and disbursements, and for this they received their share of the benefit accruing from such an increase of their capital.

It is evident that the respondents understood the matter in this way, for they made no charges for services for about fourteen years after the death of Edwin Evans.    They claim that they are entitled to something to compensate them for the loss of his services.    But they knew this when they accepted the trust, and assumed the discharge of the trust accordingly, presumably for the benefit of continuing their own business without diminution of capital.    We do not think that they are entitled to compensation, and the exception is sustained.

(3)    The third exception is to the deduction from the value of the interest of the complainant in charging off bad debts.

We think this was correct.    If such debts had been carried along as assets, which were worthless, thus giving a fictitious or inflated value on the books, it was proper to charge them off. The complainant suffers nothing thereby.

The exception is overruled.

The fourth exception is not clear and we see no rulings of the master which are erroneous on the ground stated.

The exception is overruled.

The fifth exception is overruled, as not applying to a matter properly before the master.

(4)    A motion for the removal of trustees should be passed upon by the court, and it is not usual to refer it to a master.    The mere fact that it is prayed for in the bill does not bring it within his jurisdiction.

The sixth exception is disposed of by what we have already said, and is overruled.

The seventh exception is overruled because, the bill being for an accounting and paying over the amount due, a decree to that effect, if it should be entered and executed, would terminate the trust, and, consequently, the interest in the business.

The respondents' exceptions are covered by what we have already said, and are overruled.

Decree accordingly.

*C. L. Kneeland*, for complainant.

*James Tillinghast and Lellan J. Tuck*, for respondents.